UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Jeffrey M. Sponder, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email: jeffrey.m.sponder@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 26-20766 (EJO) |
| House Canary New Jersey, Inc., et al,[1] | (Jointly Administered) |
| | The Honorable Eamonn J. O'Hagan |
| Debtors. | Hearing Date: October 20, 2026 at 2:00 p.m. |

**UNITED STATES TRUSTEE'S OBJECTION AND RESERVATION OF RIGHTS TO (A) THE COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF REORGANIZATION OF HOUSE CANARY NEW JERSEY, INC. AND AFFILIATES THEREOF; AND (B) THE DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT; (II) THE SOLICITATION AND NOTICE PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO**

Andrew R. Vara, the United States Trustee for Regions Three and Nine (the "U.S. Trustee"), through his undersigned counsel, hereby files this Objection and Reservation of Rights to (A) *the Combined Disclosure Statement and Chapter 11 Plan of Reorganization of House Canary New Jersey, Inc. and Affiliates Thereof* (the "Combined Disclosure Statement and Plan");

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) House Canary New Jersey, Inc. [3712], (ii) HouseCanary, Inc. [2307], (iii) HouseCanary (CT), Inc. [1814], (iv) ComeHome, Inc. [0328], (v) HC Certified Analytics, Inc. [8523], and (vi) HouseCanary R&D, LLC [2124]. The Debtors' mailing address is 535 Mission Street, 14th Floor, San Francisco, CA 94105.

and (B) *the Debtors' Motion for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement, (II) the Solicitation and Notice Procedures, (III) the Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates With Respect Thereto* (the "Motion"), (Dkts. 90 and 91), and respectfully states as follows:

**PRELIMINARY STATEMENT**

1. The U.S. Trustee files this Objection and reserves all rights to file substantive objections to the Combined Disclosure Statement and Plan. The Debtors seek conditional approval of the Combined Disclosure Statement and Plan and approval of certain solicitation, notice and balloting procedures (the "Solicitation and Voting Procedures") through the pending Motion. For the reasons set forth below, the Combined Disclosure Statement and Plan is patently unconfirmable and, therefore, the Combined Disclosure Statement and Plan should not be approved and should not be solicited at this time.

2. The Court must deny approval of a disclosure statement if the proposed plan is not confirmable on its face. Here, the proposed Combined Disclosure Statement and Plan is unconfirmable because the proposed Combined Disclosure Statement and Plan includes non-consensual third-party releases in contravention of the United States Supreme Court precedent and applicable state law.

3. The Court should also deny the Motion because it furthers the Debtors' attempt to obtain third-party releases through an opt-out procedure.

**JURISDICTION AND STANDING**

4. This Court has jurisdiction to hear and determine the Motion, approval of the adequacy of the Combined Disclosure Statement and Plan, and this Objection pursuant to: (i) 28 U.S.C. § 1334; (ii) applicable orders of the United States District Court of the District of New Jersey issued pursuant to 28 U.S.C. § 157(a); and (iii) 28 U.S.C. § 157(b)(2).

5. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of chapter 11 cases filed in this judicial district. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the Courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"). Under 28 U.S.C. § 586(a)(3)(B) the U.S. Trustee has the duty to monitor and comment on plans and disclosure statements filed in chapter 11 cases.

6. The U.S. Trustee has standing to be heard on the Motion, the Combined Disclosure Statement and Plan, and this Objection pursuant to 11 U.S.C. § 307. *See U.S. Tr. v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under section 307, which goes beyond mere pecuniary interest).

## BACKGROUND

### A. The Chapter 11 Cases

7. On September 22, 2026, House Canary New Jersey, Inc. ("HCNJ"), ComeHome, Inc. ("ComeHome"), HouseCanary, Inc. ("HC"), House Canary R&D, LLC ("HCRD"), House Canary (CT), Inc. ("HCCT"), and House Canary Certified Analytics, Inc. ("HCCA" and together with HCNJ, HC, ComeHome, HRCD, and HCCT, the "Debtors") commenced these chapter 11 cases by filing voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code" or "Code"). For example, *see* Case No. 26-20766/EJO at Dkt. 1.

8. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

9. The U.S. Trustee has not appointed any statutory committees.

10. As of the date hereof, no trustee or examiner has been requested or appointed.

**B. The Combined Disclosure Statement and Plan, and Motion to Approve Adequacy of Disclosure Statement and Solicitation and Voting Procedures**

11. On October 4, 2026, the Debtors filed the Combined Disclosure Statement and Plan. *See* Dkt. 90.

12. Also, on October 4, 2026, the Debtors filed the Motion seeking conditional approval of the Combined Disclosure Statement and Plan and Solicitation and Voting Procedures. *See* Dkt. 91.

13. The Combined Disclosure Statement and Plan at section 14.2(b) contains a third-party release provision. *See* Dkt. 90 at section 14.2(b) of the Plan, pages 64 and 65 of 81.[2] In addition, the Combined Disclosure Statement and Plan and Solicitation and Voting Procedures include opt-out provisions. *See* Dkt. 90 at section 6.10, page 40 of 81 and Dkt. 91 at Exhibits 3 and 4, pages 135-174 of 195.

**OBJECTION AND RESERVATION OF RIGHTS**

**A. The Court Must Deny Conditional Approval of the Combined Disclosure Statement and Plan Because the Combined Disclosure Statement and Plan is Patently Unconfirmable**

14. As the Third Circuit has held, "a '[c]ourt should not proceed with the time-consuming and expensive proposition of hearings on a disclosure statement and plan when the plan may not be confirmable because it does not comply with [confirmation requirements].'" *Am. Cap. Equip.*, 688 F.3d at 154; *see also In re Quigley Co.,* 377 B.R. 110, 115 (Bankr. S.D.N.Y. 2007) ("If the plan is patently unconfirmable on its face, the application to approve the disclosure

[2] The U.S. Trustee has several confirmation objections including the definitions of Released Party, Releasing Party, and Related Party, the gatekeeper injunction, the statutory fee language, and the waiver of the Fed. R. Bankr. P. 3020(e) stay, amongst others, but will assert those objections at a later time to the extent the Court approves the adequacy of the Combined Disclosure Statement and Plan and Solicitation and Voting Procedures.

statement must be denied, as solicitation of the vote would be futile.") (citing *In re Beyond.com Corp.*, 289 B.R. 138, 140 (Bankr. N.D. Cal. 2003); *In re 266 Wash. Assocs.*, 141 B.R. 275, 288 (Bankr. E.D.N.Y.), *aff'd*, 147 B.R. 827 (E.D.N.Y. 1992); and *In re Filex, Inc.*, 116 B.R. 37, 41 (Bankr. S.D.N.Y. 1990)).

15. Moreover, this Court should not approve solicitation procedures that facilitate the Combined Disclosure Statement and Plan's defects, as it would be a waste of estate resources for the Debtors to solicit votes on a Combined Disclosure Statement and Plan that is patently unconfirmable.

16. Here, the Court must deny conditional approval of the Combined Disclosure Statement and Plan because the Combined Disclosure Statement and Plan is patently unconfirmable. The Combined Disclosure Statement and Plan is unconfirmable because it proposes non-consensual third-party releases that are not authorized under the Bankruptcy Code.

17. The U.S. Trustee reserves all rights to file a substantive objection on these issues, and others, in connection with confirmation of the Combined Disclosure Statement and Plan but submits this Objection at this time on the basis that a patently unconfirmable plan should not be approved and the Combined Disclosure Statement and Plan should not be solicited.

**B. Miscellaneous Objections to the Solicitation and Voting Procedures Motion**

18. The proposed Solicitation and Voting Procedures authorize the Debtors to solicit votes on the Combined Disclosure Statement and Plan and also authorizes the Debtors to serve a Notice of Non-Voting Status and an Opt-Out Form on non-voting classes. To the extent the Court agrees that the Opt-Out procedure is invalid because failure to return the Opt-Out Form does not demonstrate consent, the Court should deny the Motion concerning the service of the Ballots, the Notice of Non-Voting Status and Opt-Out Form.

19. Should the Court overrule this Objection finding that the Combined Disclosure Statement and Plan is not patently unconfirmable, the U.S. Trustee nonetheless objects to the following provisions of the Solicitation and Voting Procedures, the proposed Order, and the Exhibits attached thereto:

- The proposed order provides certain dates in paragraph 4, which should be revised to provide more notice to creditors to vote and/or object to the Combined Disclosure Statement and Plan. At present, if the Court conditionally approves the Combined Disclosure Statement and Plan, and the order is entered on October 21, 2026, the Debtors will have five (5) business days (October 28, 2026) to distribute the Solicitation Packages. As such, if the Solicitation Packages are distributed on October 28, 2026, creditors would only receive twenty (20) days (November 18, 2026) to vote and file objections. In addition, with the Plan Supplement filing date being November 11, 2026, which is a federal holiday, creditors only receive seven (7) days to review. If the Debtors want to maintain the schedule they have proposed, the Debtors should reduce the amount of time to file their confirmation brief from seven (7) days to perhaps three (3) days after the objection/voting deadline, and provide those four (4) days to creditors to review the Combined Disclosure Statement and Plan, file any objections and vote. The Plan Supplement should also be filed a few days earlier than November 11, 2026.

- The Publication Deadline should be revised to Friday, October 23, 2026 if the proposed order is entered on October 21, 2026. It should not be a heavy lift for the publication notice to be sent to the publisher within two calendar days of the entry of the proposed order.

- The phrases "as soon as practicable thereafter" and "as soon as reasonably practicable thereafter" should be removed from all of the deadlines. In fact, the proposed order does not include such language but the Motion, the Solicitation and Voting Procedures and Exhibits thereto include such language. The Debtors should be required to file and serve pleadings at a certain defined time.

- Paragraph 13 of the proposed order provides that the Debtor will seek a waiver of any requirement to re-mail undeliverable Solicitation Packages returned marked "undeliverable," "moved-no forwarding address," or otherwise returned. The U.S. Trustee requests clarity that the Debtors are required to re-mail a Solicitation Package to the extent a forwarding address is provided.

- Paragraph 17 of the proposed order should have "submitting" replaced with "submitted."

- Paragraph 18 of the proposed order should be revised as follows: "If a Holder of a Claim that is not Allowed believes that it should be entitled to vote, such Holder of a Claim shall serve on the Debtors and file with the Bankruptcy Court a motion pursuant

to Bankruptcy Rule 3018(a) for an order temporarily allowing such Holder's Claim for purposes of voting on the Plan on or before **November 17, 2026 at 4:00 p.m. (prevailing Eastern Time)**.

- To not confuse creditors, the proposed order should refer to the plan as the Combined Disclosure Statement and Plan, not the Combined Plan and Disclosure Statement or as the Plan. The reference to the plan could also be defined as both the Combined Disclosure Statement and Plan.

- In paragraph 28 of the proposed order, to the extent the Debtors modify the Combined Disclosure Statement and Plan in accordance with section 18.8 of the Combined Disclosure Statement and Plan, and to the extent the Debtors revoke or withdraw the Combined Disclosure Statement and Plan in accordance with section 18.1 of the Combined Disclosure Statement and Plan, including the right to withdraw the Plan as to any or all Debtors, the Debtors should be required to file with the Court a notice of any such modification, revocation, or withdrawal of the Combined Plan and Disclosure Statement and such notice should be provided to all parties-in-interest.

- The fourth paragraph in the Confirmation Hearing Notice should be revised to allow parties wishing to present argument to appear and present argument via Zoom for Government.

- The section titled Voting Deadline in the Confirmation Hearing Notice should refer to the Opt-Out Form.

- The section titled Creditors Entitled to Vote in the Confirmation Hearing Notice should be revised to reflect that Holders of Claims in Class 1, 2, 3(a), and 6 will receive a Notice of Non-Voting Status and an Opt-Out Form. It is not clear if all non-voting classes will receive a Notice of Non-Voting Status and an Opt-Out Form or if it is just Class 6. If it is just Class 6 that will be receiving sch pleadings, that should be made clear. In other words, that claimants in the other non-voting classes are not being provided with the Opt-Out Form. Query whether this means that those claimants are providing the third party releases without being provided with the opportunity to opt-out.

- The section titled Third Party Release in the Confirmation Hearing Notice should include language that non-voting Claimants will receive a Notice of Non-Voting Status and an Opt-Out Form.

- The section titled Obtaining Solicitation Materials in the Confirmation Hearing Notice should include reference to obtaining copies of the pleadings through the noticing and claims agent's website.

- The section titled filing the Plan Supplement provides that the Debtors will only serve the Plan Supplement on all Holders of Claims entitled to vote on the Plan. Such Plan Supplement should be served on all creditors as well as the U.S. Truste, any committees

appointed in these chapter 11 cases, and any parties that filed notices of appearance in these chapter 11 cases.

- Section D2 of the Solicitation and Voting Procedures provides that a holder of a Class 3(b), 4, or 5 Claim that does not file a proof of claim will be disallowed for voting purposes. However, if the Debtors did not reflect the claim on their schedules as being disputed, unliquidated, and/or contingent, the claimholder should not be required to file a proof of claim to be allowed to vote on the Combined Disclosure Statement and Plan.

- Section D3n of the Solicitation and Voting Procedures has a misspelled work "Ballos" instead of "Ballot."

- Section 3E of the of the Solicitation and Voting Procedures should be revised to require notice of any non-substantive or immaterial changes to the Combined Disclosure Statement and Plan to be provided to the U.S. Trustee and any statutory committees appointed in these chapter 11 cases.

- The Instructions for Completing Ballots located in each of the Ballots should reference the Opt-Out Form and the instructions concerning the Opt-Out Forms.

- The Cover Letter and Instruction Letter refers to the Ballots and should also refer to the Opt-Out Form.

**C. Reservation of Rights**

20. The U.S. Trustee leaves the Debtors to their burden of proof and reserves any and all rights, remedies and obligations to, among other things, complement, supplement, augment, alter or modify this Objection and reservation of rights, assert any objection, file any appropriate motion, or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

**WHEREFORE**, the U.S. Trustee respectfully requests that this Court deny the Motion and grant such other and further relief as the Court deems just and equitable.

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 & 9

By: */s/ Jeffrey M. Sponder*
Jeffrey M. Sponder
Trial Attorney

Dated: October 17, 2026