**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

John H. Knight (No. 011991996)
Michael J. Merchant (admitted *pro hac vice*)
Cory D. Kandestin (admitted *pro hac vice*)
Marisa A. Terranova-Fissel (No. 030382008)
Nicholas A. Franchi (admitted *pro hac vice*)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: knight@rlf.com
merchant@rlf.com
kandestin@rlf.com
terranovafissel@rlf.com
franchi@rlf.com

| | |
|---|---|
| In re: | Case No. 26-20766 (EJO) |
| House Canary New Jersey, Inc., *et al.*[1] | Chapter 11 |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 155** |

**OCEAN II PLO, LLC's EMERGENCY**
**MOTION TO EXTEND THE CHALLENGE PERIOD**

Ocean II PLO, LLC ("**Ocean II**"), in its capacity as administrative and collateral agent for Structural Capital Investments III, LP, Series Structural DCO II Series of Structural Capital DCO, LLC, CEOF Holdings LP, and Series House Canary Series of Structural Keystone VL, LLC

1 The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) House Canary New Jersey, Inc. [3712], (ii) HouseCanary, Inc. [2307], (iii) HouseCanary (CT), Inc. [1814], (iv) ComeHome, Inc. [0328], (v) HC Certified Analytics, Inc. [8523], and (vi) HouseCanary R&D, LLC [2124]. The Debtors' mailing address is 535 Mission Street, 14th Floor, San Francisco, CA 94105.

(collectively, the "**Structural Lenders**" and together with Ocean II, "**Structural**"), by and through its undersigned counsel, hereby files *Ocean II PLO, LLC's Emergency Motion to Extend the Challenge Period* (this "**Motion**"). In support of this Motion, Structural respectfully states as follows:

**RELIEF REQUESTED**

1. On October 7, 2026, Structural requested documents from the Debtors about (among other things) the circumstances surrounding the Debtors' granting of liens to a prepetition lender within the 90-day preference period. Structural requested that information because the lien potentially is subject to challenge as a preference, and there is no creditors' committee in this case to assess potentially avoidable transactions. To date, the Debtors have produced a heavily redacted version of the relevant loan agreement, and have not confirmed whether their document productions (which were still happening over the weekend and are not complete) will contain other responsive documents. In any event, Structural needs the opportunity to review that production before the deadline expires on Wednesday.

2. Structural therefore seeks the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), extending the Challenge Period (as defined herein) through and including the date of the Confirmation Hearing[2] (as defined below) (the "**Extended Challenge Period Expiration Date**").

**JURISDICTION**

3. The United States Bankruptcy Court for the District of New Jersey (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of*

[2] Pursuant to rule 9013-6 of the Local Rules (as defined herein) and Rule XIII of the Complex Case Procedures (as defined herein), the filing of this Motion prior to the expiration of the current Challenge Period automatically extends the Challenge Period until such time as the Court rules on this Motion. *See* N.J. Bankr. L.R. 9013-6; N.J. Complex Case Proc. R. XIII.

*Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). This is a core proceeding under 28 U.S.C. § 157(b).

4. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The bases for relief sought herein are section 105 of the United States Bankruptcy Code (the "**Bankruptcy Code**"), Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), 9013-6 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "**Local Rules**"), and Rule XIII of the Chapter 11 Complex Case Procedures in the United States Bankruptcy Court for the District of New Jersey (the "**Complex Case Procedures**").

## BACKGROUND

6. On September 22, 2026 (the "**Petition Date**"), the above-captioned debtors and debtors in possession (the "**Debtors**") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. No trustees or official committees have been appointed in the chapter 11 cases.

7. On September 30, 2026, the Debtors filed the *Debtors' Motion for Entry of an Order to Estimate the Secured Claims of Lenders Structural Capital Investments III, LP, Series Structural DCO II Series of Structural Capital DCO, LLC, and CEOF Holdings LP, with Ocean II PLO, LLC as Agent, Under 11 U.S.C. § 502(c)* [Docket No. 66] (the "**Estimation Motion**"). On October 7, 2026, Structural served discovery requests that included a request relating to a recent lien that the Debtors granted to an affiliate of their DIP lender. Specifically, Structural requested, among other things, "Documents and Communications referring or relating to any liens granted by the Debtors to any other entity between 2022 and present, including the liens reflected in the financing statement dated June 25, 2026, filed by Crane 2 FundingCo 23, LLC." Doc. Req. 23.

Discovery has not been completed and Structural is waiting for the Debtors to provide critical information.

8. On October 21, 2026, the Court entered the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing; (II) Authorizing Use of Cash Collateral and Affording Adequate Protection; (III) Granting Liens and Providing Superpriority Administrative Expense Status; (IV) Modifying Automatic Stay; and (V) Granting Related Relief* [Docket No. 155] (the "**Final DIP Order**"). Pursuant to the Final DIP Order, the period in which parties in interest, such as Structural, may challenge the Debtors' stipulations, admissions, and releases contained in the Final DIP Order is limited to the "earlier of (I) sixty (60) calendar days after entry of the Interim Order, or (II) the deadline established by the Bankruptcy Court for filing objections to confirmation of a Plan of Reorganization" (the "**Challenge Period**"). Final DIP Order, ¶ 13 (emphasis added). That deadline is November 18, 2026. Despite multiple requests from Structural, the Debtors have declined to extend that deadline—forcing Structural to file this Motion.

9. As the Court is aware, the Debtors, Structural, and the DIP Lender (as defined in the Final DIP Order) have agreed to pursue judicial mediation on Thursday, November 19, 2026.

10. A hearing to consider confirmation of the Combined Plan and Disclosure Statement is currently scheduled for December 1, 2026 at 11:00 a.m. (ET) (as may be adjourned from time to time, the "**Confirmation Hearing**"), though, given the current status of the Debtors' discovery production, Structural intends to seek an adjournment of the Confirmation Hearing to the extent that the judicial mediation is unsuccessful.

## BASIS FOR RELIEF REQUESTED

11. Rule 9006(b) of the Bankruptcy Rules provides that the Court may extend unexpired time periods, such as the Challenge Period:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder **or by order of the court**, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . .

Fed. R. Bankr. P. 9006(b)(1) (emphasis added).

12. Pursuant to the Final DIP Order, Structural's Challenge Period is set to expire on November 18, 2026 at 4:00 p.m. (ET)—when objections to the Combined Plan and Disclosure Statement are due. Because the Challenge Period has not yet expired, the Court may extend it as requested herein.

13. Structural respectfully submits that good cause exists to extend the Challenge Period through the Extended Challenge Period Expiration Date (*i.e.* the date of the Confirmation Hearing).

14. *First*, the Debtors' ongoing discovery delays have prevented Structural from completing its investigation into the stipulations, admissions, and releases contained in the Final DIP Order. Notwithstanding Structural's diligent pursuit of discovery, the Debtors have repeatedly delayed production of the requested documents in connection therewith, including information relevant to whether a viable challenge exists with regards to the Prepetition Litigation Financing Agreements, Prepetition Litigation Financing Obligations, and Prepetition Litigation Liens (each as defined in the Final DIP Order). In particular, Structural served certain discovery requests on the Debtors on October 7, 2026, that, despite an agreed-upon schedule, have still not been completed by the Debtors as of the filing of this Motion. The Debtors purported to respond to Structural's request last Thursday by producing one heavily redacted document. Structural has followed up with the Debtors and has not received additional information. The Debtors also have not agreed to consensually extend the deadline. Accordingly, requiring Structural to elect whether

to file a challenge now—on an unfinished record created by the Debtors' delay—places Structural in an untenable position. It will be required to either (i) prematurely file a complaint based on imperfect information (or that could potentially be resolved or mooted by the provision of the requested information) or (ii) forgo potentially viable causes of action that could not be fully formed based solely on the Debtors' delinquent discovery responses. This is precisely the type of result the "cause shown" standard of Rule 9006(b)(1) is designed to avoid.

15. *Second*, the parties' imminent judicial mediation supports an extension of the Challenge Period. Structural and the Debtors have agreed to pursue judicial mediation with the Honorable Mark E. Hall, which is currently scheduled for November 19, 2026—just one day after the Challenge Period is set to expire. The judicial mediation could potentially result in the resolution of all issues between Structural, the Debtors and DIP Lender and its affiliates. Thus, Structural should be permitted to focus its attention and resources on the issues to be presented to Judge Hall in connection with the judicial mediation. Allowing the Challenge Period to lapse the day before judicial mediation would undermine the judicial mediation and force Structural to commence a contested challenge solely to preserve its position. Preserving the status quo through the requested extension of the Challenge Period will protect the integrity of judicial mediation and conserve the resources and efforts of all parties in interest.

16. *Finally*, no unsecured creditors' committee has been appointed in these cases, and the Debtors have waived all of their rights to investigate or challenge the Prepetition Litigation Financing Agreements and the Prepetition Litigation Financing Obligations in connection with the Interim and Final DIP Orders. Thus, Structural is the only economic party in these cases with an interest in investigating the Prepetition Litigation Liens and the Debtors stipulations and admissions with respect thereto. Making matters worse, Structural is forced to conduct such



RLF1 40154072v.1

investigation under an expedited timetable arbitrarily fixed by the DIP Lender, an affiliated entity of the Prepetition Litigation Financing Parties (as defined in the Final DIP Order)—all the while attempting to defend its interests in connection with a proposed chapter 11 plan designed to structurally subordinate Structural's prepetition secured claims. Thus, due process alone justifies an extension of the Challenge Deadline to afford Structural the time necessary to receive responses to the outstanding discovery requests and make a fully informed decision as to whether there are any viable challenges that should be pursued for the benefit of all stakeholders in these chapter 11 cases.

## **NOTICE**

17. Notice of this Motion will be given to the following parties or their counsel: (a) the Debtors; (b) the United States Trustee for the District of New Jersey; and (c) Ropes & Gray LLP, as counsel to the DIP Lender. Structural submits that, in light of the nature of the relief requested, no other or further notice is required or necessary.

WHEREFORE, Structural respectfully requests that the Court enter the Proposed Order, attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: November 16, 2026
Wilmington, Delaware

Respectfully submitted,

*/s/ John H. Knight*
John H. Knight (No. 011991996)
Michael J. Merchant (admitted *pro hac vice*)
Cory D. Kandestin (admitted *pro hac vice*)
Marisa A. Terranova Fissel (No. 030382008)
Nicholas A. Franchi (admitted *pro hac vice*)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: knight@rlf.com
merchant@rlf.com
kandestin@rlf.com
terranovafissel@rlf.com
franchi@rlf.com

*Counsel for Ocean II PLO, LLC*