**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**
Lauren Macksoud (admitted)
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912-7100
Email: lauren.macksoud@dentons.com

Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Email: van.durrer@dentons.com

**DENTONS BINGHAM GREENEBAUM LLP**
James R. Irving (admitted *pro hac vice*)
3500 PNC Tower
101 South Fifth Street
Louisville, KY 40202
Telephone: (502) 589-4200
Email: james.irving@dentons.com

*Proposed Counsel to Debtors and Debtors in Possession*

**Order Filed on November 17, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

| | |
|---|---|
| In re: | Case No. 26-20766 (EJO) |
| House Canary New Jersey, Inc.[1] | Chapter 11 |
| | (Jointly Administered) |
| Debtors. | Judge: Eamonn J. O'Hagan |

**ORDER APPROVING CONFIDENTIALITY**
**<u>AGREEMENT AND STIPULATED PROTECTIVE ORDER</u>**

The relief set forth on the following page, numbered three (3), is **ORDERED.**

**DATED: November 17, 2026**

Honorable Eamonn J. O'Hagan
United States Bankruptcy Judge

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) House Canary New Jersey, Inc. [3712], (ii) HouseCanary, Inc. [2307], (iii) HouseCanary (CT), Inc. [1814], (iv) ComeHome, Inc. [0328], (v) HC Certified Analytics, Inc. [8523], and (vi) HouseCanary R&D, LLC [2124]. The Debtors' mailing address is 535 Mission Street, 14th Floor, San Francisco, CA 94105.

This matter coming before this Court on the *Certification of Counsel Regarding Confidentiality Agreement and Stipulated Protective Order*, **IT IS HEREBY ORDERED** that:

1. The *Confidentiality Agreement and Stipulated Protective Order*,[2] a copy of which is attached hereto as **Exhibit 1**, is entered as an order of this Court.

2. The production of privileged or work-product protected documents, electronically stored information, or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in these Chapter 11 Cases, any related contested matters or adversary proceedings, or in any other federal or state proceeding, without the need for the producing party to comply with the requirements of Federal Rule of Evidence 502(b). This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

3. This Court shall retain jurisdiction over all matters arising from or related to the interpretation or implementation of this Order.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Confidentiality Agreement and Stipulated Protective Order, as applicable.

**Exhibit 1**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**
Lauren Macksoud (admitted)
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912-7100
Email: lauren.macksoud@dentons.com

Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Email: van.durrer@dentons.com

**DENTONS BINGHAM GREENEBAUM LLP**
James R. Irving (admitted *pro hac vice*)
3500 PNC Tower
101 South Fifth Street
Louisville, KY 40202
Telephone: (502) 589-4200
Email: james.irving@dentons.com

*Proposed Counsel to Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>House Canary New Jersey, Inc.[1]<br><br>Debtors. | Case No. 26-20766 (EJO)<br><br>Chapter 11<br><br>(Jointly Administered) |

**CONFIDENTIALITY AGREEMENT
AND STIPULATED PROTECTIVE ORDER**

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) House Canary New Jersey, Inc. [3712], (ii) HouseCanary, Inc. [2307], (iii) HouseCanary (CT), Inc. [1814], (iv) ComeHome, Inc. [0328], (v) HC Certified Analytics, Inc. [8523], and (vi) HouseCanary R&D, LLC [2124]. The Debtors' mailing address is 535 Mission Street, 14th Floor, San Francisco, CA 94105.

This *Confidentiality Agreement and Stipulated Protective Order* ("Protective Order") is entered into by and among: (a) Ocean II PLO, LLC ("Ocean"), in its capacity as administrative and collateral agent for Structural Capital Investments III, LP, Series Structural DCO II Series of Structural Capital DCO, LLC, CEOF Holdings LP, and Series House Canary Series of Structural Keystone VL, LLC (the foregoing, together with Ocean, "Structural"), (b) the above-captioned debtors and debtors in possession (the "Debtors") in the above captioned Chapter 11 cases (the "Chapter 11 Cases"), (c) Condor FundingCo 26, LLC (the "DIP Lender"), and (d) Crane 2 FundingCo 23, LLC, HC 1 LLC, and Security Finance 1 LLC (collectively, the "Texas Assets Lender"). Structural, the Debtors, the DIP Lender, and the Texas Assets Lender shall each be referred to herein individually as a "Party," and, collectively, as the "Parties." The Parties, by and through their respective attorneys of record and subject to Court approval, have agreed to entry of this Protective Order pursuant to 11 U.S.C. § 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and, with respect to any existing or future contested matter or adversary proceeding, pursuant to Bankruptcy Rules 7026 and 9014 and Rule 26(c) of the Federal Rules of Civil Procedure (the "Federal Rules").

**Recitals**

**WHEREAS**, on September 22, 2026, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code;

**WHEREAS**, the Parties are engaged in discovery and are producing documents and/or information in connection with the Chapter 11 Cases (the "Discovery Material") that contain private, confidential, proprietary and/or commercially sensitive information, as described below (the "Confidential Information");

**WHEREAS**, to facilitate the exchange of Discovery Material, assist with the resolution of potential disputes over confidentiality, and protect against improper disclosure of Confidential Information entitled to protection under Federal Rule of Civil Procedure 26(c), Federal Rule of Bankruptcy Procedure 7026 or 9018, or section 107 of the Bankruptcy Code, the Parties have agreed to enter into this Protective Order.

**NOW THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND, UPON COURT APPROVAL HEREOF,** that the following terms will govern any requests for and production and handling of Discovery Material in connection with the Chapter 11 Cases:

1. The Parties shall submit this Protective Order to the Court for approval. The Parties shall abide by the terms of this Protective Order even if an order is not entered by the Court for any reason, unless the Court otherwise determines.

2. Unless otherwise agreed by the Parties or ordered by the Court, all deadlines stated herein shall be computed pursuant to Rule 9006 of the Bankruptcy Rules.

**Scope of Stipulation**

3. This Protective Order applies to all Discovery Material exchanged in the Chapter 11 Cases either by a Party or a non-Party (each a "Producing Party"), to any other Party or non-Party (each a "Receiving Party"), formally or informally, either prior to or after the filing of a judicial proceeding, in response to or in connection with any discovery requests, including without limitation, deposition testimony, interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, information and things produced as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof.

**Use and Disclosure of Confidential or Highly Confidential Material**

4. The following procedures shall govern the handling, examination, review, and use of Confidential Information during the course of the Chapter 11 Cases. This Protective Order shall take effect immediately upon the Parties' joint execution of this Protective Order.

5. Confidential Information disclosed by a Producing Party to any Receiving Party in connection with the Chapter 11 Cases, shall be used solely in connection with the Chapter 11 Cases, unless otherwise agreed in writing by the Producing Party, upon written request of a Receiving Party. Confidential Information shall not be used or disclosed in any other proceeding or for any other purpose, including, but not limited to, any business or commercial purpose, absent agreement of the Producing Party or Order of the Court on reasonable notice and with an opportunity to be heard, or as otherwise provided herein.

6. This Protective Order is binding upon the Parties, including their respective corporate parents, subsidiaries, and affiliates and their respective attorneys, principals, agents, experts, consultants, representatives, directors, officers, and employees, as set forth in this Protective Order.

7. As used in this Protective Order, Confidential Information refers to all documents and/or information provided or produced by a Producing Party in connection with the Chapter 11 Cases (whether in response to a formal or informal document request, interrogatory, interview, deposition, other discovery device or otherwise) that is designated as "Confidential" or "Highly Confidential." These designations will, without more, subject the designated material or information (collectively, "Designated Material") to the provisions of this Protective Order and such Confidential Information will be protected, used and disposed of in accordance with the provisions of this Protective Order.

8. Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Protective Order if the Producing Party in good faith reasonably believes that the Discovery Material contains confidential, proprietary or commercially sensitive information, within the meaning of Federal Rule of Civil Procedure 26(c), Federal Rule of Bankruptcy Procedure 7026 or 9018, or section 107 of the Bankruptcy Code, that requires the protections provided in this Protective Order, or the disclosure of the Discovery Material would violate the terms or conditions of a confidentiality agreement, protective order or similar agreement with a third-party (hereinafter "Confidential Discovery Material"). For purposes of this Protective Order, Discovery Material considered to be Confidential Discovery Material may include all non-public materials containing or referring to Confidential Information, including, but not limited to: (i) personally identifiable information; (ii) financial or business plans or projections; (iii) proposed strategic transactions and other business combinations, negotiations, inquiries or agreements including, but not limited to, joint ventures, mergers, purchases, buy-outs, consolidations, transfers of interests and partnerships; (iv) trade secrets and proprietary information; (v) studies or analyses by internal or outside experts or consultants; (vi) non-public financial, operational or accounting results or data; (vii) business, management and marketing plans and strategies; (viii) acquisition offers and expressions of interest; and (ix) contracts or agreements with or among affiliates, partners or Parties. For the avoidance of doubt, Confidential Discovery Material includes information copied or extracted therefrom, including all copies, excerpts, summaries, or compilations thereof.

9. Any Producing Party may designate any Confidential Discovery Material as "Highly Confidential" under the terms of this Protective Order if the Producing Party in good

faith reasonably believes that disclosure of the Confidential Discovery Material (other than as expressly permitted pursuant to this Protective Order) would cause significant harm to an individual or to the Producing Party's commercial, financial or business interests ("Highly Confidential Discovery Material"). For the avoidance of doubt, Highly Confidential Discovery Material includes information copied or extracted therefrom, including all copies, excerpts, summaries, or compilations thereof.

10. Notwithstanding the possible prior designation of Discovery Material under one label or failure to designate Discovery Material under either label, a Producing Party may always designate or redesignate such Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material, with such designation or redesignation subject to challenge pursuant to Paragraph 20 hereof. The designation or potential designation under one label shall not be construed to mean that designation under another label would not also be appropriate. A Producing Party's failure to designate information as "Confidential" or "Highly Confidential" shall not be deemed a waiver of that party's later claim that such information should be entitled to another designation pursuant to this Protective Order at any time thereafter. For the avoidance of doubt, any Producing Party will have the right to designate any Discovery Material as Confidential or Highly Confidential that has been produced prior to the entry of the Protective Order with all rights preserved. Moreover, any Party may designate any Discovery Material as Confidential or Highly Confidential that contains such Party's Confidential Information, regardless of which Party or non-Party produced such Discovery Material, and such designating Party shall be treated as a Producing Party with respect to such Discovery Material for all purposes of this Protective Order.

11. The designation of material or information as Confidential Discovery Material or Highly Confidential Discovery Material will be made as follows:

a. With respect to documents or other materials (apart from interviews, depositions or other pretrial testimony) by: (i) affixing the legend "Confidential" to each page of Discovery Material containing any Confidential Discovery Material and "Highly Confidential" to each page of Discovery Material containing Highly Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" or "Highly Confidential" in the file or directory name or by affixing the legend "Confidential" or "Highly Confidential" to the related production image slip sheet or media containing the Discovery Material (*e.g.*, CD-Rom, Floppy Disk, DVD, USB drive).

b. With respect to information set forth in responses to discovery requests, by affixing the legend "Confidential" or "Highly Confidential" immediately prior to the specific response or responses subject to such designation.

c. With respect to testimony given during a deposition or to statements made at an interview, by:

i. indicating on the record or in writing at the time the deposition or interview is taken or prior to the preparation of the transcript, those portions of the deposition or transcript that contain Confidential Discovery Material or Highly Confidential Discovery Material and instructing the court reporter, who shall first have agreed to abide by the terms of this Protective Order, prior to the preparation of the transcript to indicate on the face page of the deposition that it contains Confidential Discovery Material or Highly Confidential Discovery Material that is subject to this Protective Order and shall be used in accordance therewith; or

ii. notifying counsel to the Parties in writing within five (5) days after the Producing Party's receipt of the transcript by page and line number of any portion of the transcript of the deposition that contains Confidential Discovery Material or Highly Confidential Discovery Material.

d. Documents or information inadvertently disclosed by or on behalf of a Producing Party without being designated "Confidential" or "Highly Confidential" may thereafter be so designated by promptly notifying the Receiving Party in writing that such materials are Confidential or Highly Confidential, as the case may be. The Receiving Party shall thereafter treat such materials as so designated, with such designations subject to challenge pursuant to Paragraph 20 hereof.

e. For the avoidance of doubt, nothing in Paragraph 11 shall prohibit counsel or other professional advisors for a Party from providing a Party with (i) general summaries of "Confidential" or "Highly Confidential Material" that do not disclose the specific contents of the "Confidential" or "Highly Confidential Material or (ii) work product created by the Party's counsel or other professional advisors summarizing "Confidential" or "Highly Confidential Material" that does not disclose the specific contents of the "Confidential" or "Highly Confidential Material."

12. A Receiving Party receiving Confidential Information will permit access to that Confidential Information only to persons specified in this Protective Order. Confidential Discovery Material may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part by a Receiving Party only to the following persons:

a. Outside counsel of record or in-house counsel who represents any Party in connection with the Chapter 11 Cases, as well as stenographic, clerical, and legal assistant employees, and agents of those attorneys whose functions require access to Confidential Discovery Material;

b. Any person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document, and the person or entity that produced or originally created the document;

c. Outside valuation experts retained by the Receiving Party, the Debtors' financial advisor retained pursuant to order of the Court, and Structural's financial advisor, in each case in connection with the Chapter 11 Cases, including their clerical personnel; *provided* that counsel desiring to disclose Confidential Discovery Material to such experts or financial advisor and their clerical personnel shall first obtain a signed *Agreement to Abide by Confidentiality Stipulation and Protective Order* (the "Agreement to Abide by the Protective Order") in the form of **Exhibit A** attached hereto from each such expert or financial advisor and each of his/her personnel who would require access to Confidential Discovery Material, and counsel shall retain in his/her file an original or copy of each such signed Agreement to Abide by the Protective Order;

d. The Court and its authorized staff, including official and freelance court reporters and videotape operators hired by any Party; provided, however, that Confidential Discovery Material filed with the Court must be filed under seal pursuant to Local Rule of the United States Bankruptcy Court of the District of New Jersey ("Local Rule", and collectively with the Local Rules of the United States Bankruptcy Court of the District of New Jersey, the "Local Rules") 9018-1 and as provided in Paragraph 16 hereof;

e. Officers, directors or employees of any Party and/or of any direct or indirect parent or subsidiary company of any Party who are assisting the Party's attorneys with matters in the Chapter 11 Cases, but only to the extent that the functions of such persons or entities in relation to the Chapter 11 Cases require access to Confidential Discovery Material;

f. To the extent not otherwise covered by this Paragraph 12, any potential witness or deponent (and counsel of such witness or deponent), during the course of, or to the extent necessary for, preparation for deposition or testimony relating to matters in connection with the Chapter 11 Cases. Except when the Confidential Discovery Material is first exhibited at a deposition or trial to such person, counsel desiring to disclose Confidential Discovery Material to such persons shall first obtain a signed Agreement to Abide by the Protective Order in the form of **Exhibit A** attached hereto (counsel for the Receiving Party shall retain a copy of each executed Agreement to Abide by the Protective Order);

g. Any other person upon agreement of the Parties, provided that such person shall first execute the Agreement to Abide by the Protective Order in the form of **Exhibit A** attached hereto; and

h. Any other person, only upon order of the Court.

13. Highly Confidential Discovery Material may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part by a Receiving Party only to the following persons:

a. Outside counsel of record who represent any Party in connection with the Chapter 11 Cases, as well as stenographic, clerical, and legal assistant employees, agents of those attorneys whose functions require access to Highly Confidential Discovery Material;

b. Any person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document;

c. Outside valuation experts retained by the Receiving Party, the Debtors' financial advisor retained pursuant to order of the Court, and Structural's financial advisor, in each case solely in connection with the Chapter 11 Cases, including their clerical personnel; *provided* that counsel desiring to disclose Highly Confidential Discovery Material to such experts or financial advisor and their clerical personnel shall first obtain a signed Agreement to Abide by the Protective Order in the form of **Exhibit A** attached hereto from each such expert or financial advisor and each of his/her personnel who would require access to Highly Confidential Discovery Material, and counsel shall retain in his/her file an original or copy of each such signed Agreement to Abide by the Protective Order;

d. The Court and its authorized staff, including official and freelance court reporters and videotape operators hired by any Party; provided, however, that Highly Confidential Discovery Material filed with the Court must be filed under seal pursuant to Local Rule 9018-1 and as provided in Paragraph 16 hereof;

e. Any other person upon agreement of the Parties, provided that such person shall first execute the Agreement to Abide by the Protective Order in the form of **Exhibit A** attached hereto; and

f. Any other person, only upon order of the Court.

14. Subject to this Protective Order and to any further order regarding confidentiality as the Court may enter, the Parties shall use the Discovery Material only for the investigation, prosecution, defense or settlement of the Chapter 11 Cases. Unless otherwise ordered by the Court, Confidential Information shall not be made public by any

Party, shall be used only by persons permitted access to it under Paragraphs 12 and 13 hereof, and shall be disclosed only to persons specified in Paragraphs 12 and 13 hereof.

15. Nothing herein shall restrict the manner in which the Producing Party may use or disclose its own Confidential Information.

16. Unless the Producing Party gives written consent to the public filing of Designated Material or information contained in the Designated Material, the Receiving Party must follow the following procedures:

a. Designated Material contained in pleadings, documents, or other papers (or attachments thereto) that a Party seeks to file with the Court ("Filing Party") shall be redacted in whole or in part and filed with the Court under a temporary seal, and the Filing Party shall follow all requirements set forth in Local Rule 9018-1 regarding the filing, including but not limited to filing a motion seeking authority to file the Designated Material under seal.

b. Each Filing Party shall use reasonable efforts when filing with the Court pleadings, documents, or other papers (or attachments thereto) under temporary seal to redact only Designated Material from pleadings, documents, or other papers (or attachments thereto).

c. Until the Court decides the motion to seal, the pleading, document, or other paper (or attachment thereto) shall remain under seal.

17. The Parties shall discuss the manner of use of Confidential Discovery Material or Highly Confidential Discovery Material at any hearing or trial in the Chapter 11 Cases, including any procedures related to the non-public disclosure of Confidential Discovery Material or Highly Confidential Discovery Material. In the event that an agreement cannot

be reached on such procedures, the issue shall be determined by the Court. Nothing in this Protective Order shall require disclosure of information that is protected from disclosure by the attorney-client privilege, the work-product immunity, or any other legally cognizable privilege or similar legal protection.

18. This Protective Order shall not prevent any Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

19. Nothing in this Protective Order shall prevent any Party from producing documents in his, her or its possession to another person in response to a subpoena or other compulsory process. However, if documents designated “Confidential” or “Highly Confidential” are subpoenaed or sought pursuant to any form of mandatory process outside of the Chapter 11 Cases, it shall be the responsibility of the Party receiving such subpoena or other process, promptly upon receipt thereof, to notify the Producing Party and counsel for the Producing Party of such subpoena or other process, and to make available to counsel for the Producing Party a copy of such subpoena or other process so that counsel may timely seek a protective order or other means of protecting the confidential information sought to be compelled. It shall be the obligation of the Party whose Confidential or Highly Confidential Discovery Material is sought to seek entry of a court order to preclude or restrict production of any Confidential or Highly Confidential Discovery Material requested pursuant to such subpoena or compulsory process. In no event shall production or other disclosure be made before reasonable notice is given to the Producing Party.

20. If any Party to this Protective Order objects to the designation of any documents or information as “Confidential” or “Highly Confidential”, the Party shall first state the objection in writing to the Party that made such designation explaining the basis for

its belief that the confidentiality designation was not proper (a "Challenge Notice"). The Parties agree to confer in good faith to attempt, within five (5) days of receipt of the written objection to such designation, to resolve any dispute regarding any such designation. If the Parties are unable to resolve such dispute, the Receiving Party may seek appropriate relief from the Court; *provided*, however, that all documents and/or information to which an objection is made shall be treated as Confidential Information by the Parties until such objection is resolved. Each Party hereby agrees that it will not contest a Party's request for expedited consideration for such relief.

**Depositions**

21. In the case of depositions, if counsel for a Party or non-Party believes that a portion of the testimony given at a deposition should be Designated Material of such Party or non-Party, such testimony may be designated as set forth in Paragraph 11(c) of this Protective Order.

22. Nothing in Paragraph 21 shall apply to or affect the confidentiality designations on Discovery Material entered as exhibits at depositions. Designated Material shall not lose its confidentiality status as a result of being marked as a deposition exhibit.

23. Nothing in Paragraph 21 hereof shall preclude the witness from reviewing his or her deposition transcript and accompanying exhibits.

24. Nothing in Paragraph 21 shall act as a waiver by any person in attendance at the deposition to contest later the designation of counsel to a Party or Non-Party that a portion of the testimony given at the deposition should be Designated Material. Those rights are expressly reserved and any contest to the designation shall be done in accordance with this Protective Order.

25. Anyone (other than a Party to this Protective Order, an employee or representative of a Party, or counsel to a Party) who will attend a deposition in relation to which the deponent and/or his or her representative is advised that Designated Material will be disclosed or elicited must become a Party to this Protective Order prior to such deposition (including by executing an Agreement to Abide by the Protective Order in the form attached hereto as Exhibit A if the person is not otherwise bound by this Protective Order). When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Protective Order shall, upon request, be excluded from the portion of the deposition so designated. Notwithstanding the foregoing, this Paragraph 25 shall not apply to a person or Party to the extent that the Designated Material disclosed or elicited was authored, received, or otherwise previously known by that person or Party.

26. In the event that testimony is designated as Confidential or Highly Confidential, the court reporter, who shall first have agreed to abide by the terms of this paragraph, shall be instructed to include on the cover page of each such transcript the legend, "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith," and each page of the transcript shall include the legend "Confidential" or "Highly Confidential," as appropriate. If the deposition is videotaped, the videotape shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Highly Confidential," as appropriate, if any portion of the transcript itself is so designated.

**General Provisions**

27. This Protective Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Inadvertent production of any Discovery Material which a Party later claims in

good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Information"), will not by itself constitute a waiver of any applicable privilege. Within five (5) days after a Producing Party discovers (or within a reasonable period of time after receipt of notice from another Party) that it has produced Inadvertently Produced Privileged Information, the Producing Party shall request the return of such Inadvertently Produced Privileged Information by identifying in writing the Discovery Material inadvertently produced and the basis for withholding such Discovery Material from production. If a Producing Party requests the return of Inadvertently Produced Privileged Information pursuant to this paragraph, the Receiving Party shall immediately take all commercially reasonable steps to return or destroy the Discovery Material (and copies thereof) and shall take all commercially reasonable steps to sequester or remove such material from work product that incorporates the Inadvertently Produced Privileged Information. If the Receiving Party disputes the privilege claim, it must notify the Producing Party of the dispute and the basis therefor in writing within ten (10) days of receipt of the Producing Party's notification. The Parties shall thereafter meet and confer regarding the disputed privilege claim. If the Parties cannot resolve their dispute, either Party may seek a determination from the Court whether the privilege applies. The Producing Party must preserve the Inadvertently Produced Privileged Information and, other than in connection with seeking a determination by the Court, the Receiving Party may not use the Inadvertently Produced Privileged Information for any purpose until the dispute is resolved. For the avoidance of doubt, this paragraph shall apply to all Discovery Material produced prior to this Protective Order.

28. Nothing contained herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence. The Parties do not stipulate as to the relevance or admissibility of any documents produced and designated as "Confidential" or "Highly Confidential" pursuant to this Order.

29. In the event that any Party appeals from any decision of the trial court relating to matters in the Chapter 11 Cases, the Parties hereto agree to file a joint application to the appropriate appellate court, within ten (10) business days of the filing of the notice of appeal, to maintain under seal the documents filed with the trial court that contain or disclose Confidential Information. The provisions of this Paragraph 29 may be waived only with the written consent of the Producing Party.

30. In the event that any Confidential Information is used in any court proceeding relating to matters in connection with the Chapter 11 Cases, such Confidential Information shall not lose its status as Confidential Information through such use.

31. This Protective Order shall survive the resolution of these Chapter 11 Cases, whether by order, final judgment, settlement or otherwise, and shall continue in full force and effect.

32. After final disposition of the Chapter 11 Cases, including all appeals as to all Parties, counsel for the Receiving Party may retain archival copies of deposition exhibits, Court exhibits, documents and other materials submitted to the Court, deposition transcripts and transcripts of court proceedings, one copy or sample of the Confidential Information produced by opposing counsel, and any summaries, notes, abstracts or compilations of Confidential Information, solely for reference in the event of a dispute over the use or dissemination of information. Such material shall continue to be treated as Confidential

Information under this Protective Order. A Receiving Party may retain Confidential Information as necessary to comply with applicable regulatory, statutory, or legal obligations. Subject to the foregoing, after the Chapter 11 Cases are resolved, counsel for the Receiving Party shall promptly either return all additional Confidential Information in his/her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the Receiving Party to counsel for the Producing Party who has provided such Confidential Information in discovery or certify destruction thereof to such counsel. As to Confidential Information reflected in computer databases, the Receiving Party promptly shall delete all such Confidential Information or shall impose passwords or designate the information in a manner reasonably calculated to prevent unauthorized access to the Confidential Information. Counsel for the Receiving Party shall inform any other person identified in Paragraphs 12 and 13 hereof who received Confidential Information from the Receiving Party of its obligation to return any such Confidential Information as provided for herein or certify destruction thereof to counsel for the Producing Party. Counsel may retain their work product and copies of court filings, expert reports, and exhibits introduced at hearings. Notwithstanding the return or destruction of materials, the confidentiality obligations under this Protective Order shall remain binding for any retained information.

33. If a third party provides discovery in connection with the Chapter 11 Cases, the provisions of this Protective Order shall apply to such discovery as if such discovery were being provided by a Party. Under these circumstances, the third party shall have the same rights and obligations under this Protective Order as a Party.

34. Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of the Protective Order. No modification of this Protective Order shall be binding or enforceable unless in writing and signed by the Parties.

35. Nothing herein shall be deemed (a) to prevent a Party or non-Party from objecting to Discovery Requests or asserting that information being sought in Discovery Requests is of such a confidential, personal or proprietary nature that discovery should not be afforded or (b) to preclude a Party or non-Party from seeking additional or further limitations on the use or disclosure of such information.

36. Nothing herein shall be construed to permit any Party to seek to unseal or support any motion to unseal any Highly Confidential or Confidential Information filed under seal solely on the basis that there is a presumption of public access to judicial documents. The parties expressly waive any right to seek unsealing solely on that basis.

37. Nothing herein shall relieve a party of its obligations under the Federal Rules, Bankruptcy Rules, the Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with the Chapter 11 Cases.

38. Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with these Chapter 11 Cases and, in the course thereof, relying on examination of Discovery Material; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

39. The provisions of this Protective Order constitute an Order of this Court and violations of the provisions of this Protective Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

40. This Protective Order may be executed in one or more counterparts, including by facsimile, PDF or other electronic delivery, each of which will be deemed an original, but all of which together constitute one and the same instrument.

41. When notice is permitted or required by the provisions of this Protective Order, such notice shall be in writing, directed to the undersigned counsel of the Party to receive such notice, at the corresponding email address indicated below, or to counsel of any non-Party receiving such notice. Notice shall be delivered by email and shall be effective upon receipt.

42. Any Discovery Material designated "Confidential" or "Highly Confidential" shall not be uploaded, inputted, or otherwise introduced into any public-facing or non-secure Generative Artificial Intelligence (GenAI) platform or model. Use of GenAI tools to process, review or analyze Designated Material is permitted only with the express written consent of the Producing Party or by using a private, enterprise-level AI platform that ensures all inputs and data are not used to train the underlying model and that data confidentiality is maintained. In any event, a Receiving Party using GenAI tools or a private, enterprise-level AI platform must ensure that all Designated Material is handled consistent with Paragraphs 12 and 13 of this Protective Order.

43. Receiving Parties must take reasonable precautions to protect Discovery Material from loss, misuse, and unauthorized access, disclosure, alteration, and destruction. Such measures shall include reasonably: (a) preventing unauthorized persons from gaining

access to Discovery Material; (b) preventing Discovery Material from being used without authorization, including through the use of passwords; and (c) ensuring that persons entitled to use Discovery Material gain access only to material they are entitled to access, and that it cannot be read, copied, modified, or deleted without authorization.

44. To the extent that any Party has documents or information that (i) were already in its possession prior to September 22, 2026 and are not subject to any other confidentiality agreement, non-disclosure agreement, or other confidentiality obligation; (ii) are received or become available to a Party on a non-confidential basis not in violation of an obligation of confidentiality to any other person; (iii) were independently developed by such Party without violating its obligations hereunder; (iv) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person, including a Party; or (v) the Producing Party authorizes the Receiving Party to divulge or communicate the Designated Discovery material publicly (collectively "Non-Discovery Material"), nothing in this Order shall limit a Party's ability to use Non-Discovery Material for any purpose, including in a deposition, hearing, trial or otherwise in connection with any Dispute or the Chapter 11 Cases, provided however that nothing herein shall alter the treatment of any such information that was received pursuant to existing confidentiality arrangements, agreements, protective orders, or other court orders.

45. Any Receiving Party acknowledges that, by receiving Designated Material, it may be receiving material non-public information about companies that issue securities and that the determination as to whether it has received material non-public information shall be the sole responsibility of such receiving entity. For the avoidance of doubt, the Producing

Party is under no obligation to designate or mark, or cause to be designated or marked, any Designated Material that may be determined to constitute material non-public information.

Dated: November 17, 2026

*/s/ John H. Knight*
John H. Knight (No. 011991996)
Michael J. Merchant (admitted *pro hac vice*)
Cory D. Kandestin (admitted *pro hac vice*)
Marisa A. Terranova Fissel (No. 030382008)
Nicholas A. Franchi (admitted *pro hac vice*)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: knight@rlf.com
merchant@rlf.com
kandestin@rlf.com
terranovafissel@rlf.com
franchi@rlf.com

*Counsel for Ocean II PLO, LLC*

*/s/ Lauren Macksoud*
Lauren Macksoud
**DENTONS US LLP**
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912-7100
Facsimile: (973) 912-7199
Email: lauren.macksoud@dentons.com

Van C. Durrer, II (admitted *pro hac vice*)
**DENTONS US LLP**
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
Email: van.durrer@dentons.com

James R. Irving (admitted *pro hac vice*)
**DENTONS BINGHAM GREENEBAUM LLP**
3500 PNC Tower
101 South Fifth Street
Louisville, KY 40202
Telephone: (502) 589-4200
Facsimile: (502) 540-2215
Email: james.irving@dentons.com

*Proposed Counsel to Debtors and Debtors in Possession*

*/s/ Rachel C. Strickland*
Rachel C. Strickland (No. 018301998)
Erin C. Dougherty (admitted *pro hac vice*)
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Email: rachel.strickland@ropesgray.com
erin.dougherty@ropesgray.com

*Counsel to the DIP Lender and the Texas Assets Lender*

**Exhibit A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**DENTONS US LLP**
Lauren Macksoud (admitted)
101 JFK Parkway
Short Hills, NJ 07078
Telephone: (973) 912-7100
Email: lauren.macksoud@dentons.com

Van C. Durrer, II (admitted *pro hac vice*)
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone: (213) 623-9300
Email: van.durrer@dentons.com

**DENTONS BINGHAM GREENEBAUM LLP**
James R. Irving (admitted *pro hac vice*)
3500 PNC Tower
101 South Fifth Street
Louisville, KY 40202
Telephone: (502) 589-4200
Email: james.irving@dentons.com

*Proposed Counsel to Debtors and Debtors in Possession*

| | |
|---|---|
| In re: | Case No. 26-20766 (EJO) |
| House Canary New Jersey, Inc.[1] | Chapter 11 |
| Debtors. | (Jointly Administered) |

**AGREEMENT TO ABIDE BY CONFIDENTIALITY
AGREEMENT AND STIPULATED PROTECTIVE ORDER**

1 The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) House Canary New Jersey, Inc. [3712], (ii) HouseCanary, Inc. [2307], (iii) HouseCanary (CT), Inc. [1814], (iv) ComeHome, Inc. [0328], (v) HC Certified Analytics, Inc. [8523], and (vi) HouseCanary R&D, LLC [2124]. The Debtors' mailing address is 535 Mission Street, 14th Floor, San Francisco, CA 94105.

I have read the *Confidentiality Agreement and Stipulated Protective Order* (the "Protective Order") applicable in these Chapter 11 Cases. I understand the Protective Order's terms and agree to be fully bound by them, and hereby submit to the jurisdiction of the United States Bankruptcy Court for the District of New Jersey for purposes of the Protective Order's enforcement. I understand, in particular, that any Confidential Information or Discovery Material, and any copies, excerpts or summaries thereof and materials containing Confidential Information derived therefrom, as well as any knowledge or information derived from any of these items, may be used only for purposes of this Chapter 11 Cases and may not be used for any other purpose, including, without limitation, any business or commercial purpose.

I further understand that failure to abide fully by the terms of the Protective Order may result in legal action against me, such as for contempt of court and liability for monetary damages.

Dated: ____________ Agreed: _______________________